IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Larry B.,[1] | ) | Case No.: 4: 20-cv-02057-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Kilolo Kijakazi[2], Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, ("Report and Recommendation" or "Report") pursuant to Local Civil Rule 83.VII.02 (D.S.C.). Plaintiff Larry B. ("Plaintiff" or "Larry") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying him Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Magistrate Judge issued a Report and Recommendation on September 3, 2021, recommending the Commissioner's decision be reversed and remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (DE 21, pp. 11-12.) On September 17, 2021, the Defendant filed a Notice of Not Filing Objections to the Report and Recommendation of Magistrate Judge indicating that Defendant does not intend to file objections to the Magistrate Judge's Report and Recommendation. (DE 22.)

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021; and therefore, he is substituted for Andrew Saul as the defendant in this suit.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>Mathews v. Weber</u>, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); <u>see</u> <u>also</u> <u>Tyler v. Wates</u>, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and given the Commissioner's intent not to object to the Report and Recommendation, the Court adopts the Report and Recommendation and incorporates it herein by reference, and it is hereby **ORDERED** that the decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further administrative proceedings.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
December 15, 2021